NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT HOWARD RICHARDSON, | No. 12-17173 |
| Petitioner - Appellant, | D.C. No. 2:97-cv-02318-LKK-DAD |
| v. | |
| ANTHONY C. NEWLAND; GLENN A. MUELLER, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted March 16, 2016[**]
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Robert Richardson, who was convicted in California state court of first degree

murder involving the personal use of a firearm, appeals the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

1. We have already determined that Richardson is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because his state habeas petition was deemed untimely in state court and thus was not "'properly filed' for purposes of tolling AEDPA's one-year statute of limitations." *Richardson v. Newland*, 171 Fed. App'x 156, 157 (9th Cir. 2006) (quoting 28 U.S.C. § 2244(d)(2)). We decline Richardson's invitation to revisit that ruling.

2. Richardson is not entitled to equitable tolling because no "'extraordinary circumstance stood in his way' and prevented timely filing" of his federal petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). California's indeterminate state habeas limitations regime may have prevented Richardson from being certain whether a state court would find his petition timely, but it did nothing to discourage him from filing that petition earlier. Had he done so, he would have been able to file his federal petition within the one-year limitations period and "he would not now be facing any time problem, state or federal." *Pace*, 544 U.S. at 419.

**AFFIRMED.**

2